Elizabeth B. Kim (State Bar No. 252408)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
Email: ebkim@jonesday.com

Attorneys for Cross-Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMERICAN EXPRESS BANK, FSB,

Plaintiff,

v.

NASSER BAKHTIARI AKA MASSER BAKHTIARI AKA NASSAR BAKHTIARI, an individual; DIGITARI CORPORATION, a corporation; DOES 1-100, inclusive,

Defendants.

NASSER BAKHTIARI,

Cross-Complainant,

v.

AMERICAN EXPRESS BANK, FSB; DIGITARI CORPORATION, a corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; EQUIFAX, INC., a corporation; TOORAJ BAKHTIARI, an individual; DENISE ULUNKE, an individual; ROES 1-10, inclusive,

Cross-Defendants.

Case No. SACV 10-1201 CJC (RNBx)

**CROSS-DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO CROSS-COMPLAINT**

1.      In response to paragraph 1 of the Complaint, Experian Information Solutions, Inc. ("Experian") is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein and, on that basis, denies each and every such allegation.

2.      In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein and, on that basis, denies each and every such allegation.

3.      In response to paragraph 3 of the Complaint, Experian states that it is a credit reporting agency as defined by the Fair Credit Reporting Act and does business in the State of California.  Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3 and, on that basis, denies each and every such allegation.

4.      In response to paragraph 4 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in therein and, on that basis, denies each and every such allegation.

5.      In response to paragraph 5 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in therein and, on that basis, denies each and every such allegation.

6.      In response to paragraph 6 of the Complaint, Experian denies that each Cross-Defendant Roes 1 through 10 was an officer, director or managing agent of Experian as its agent, servant, employee and/or joint venturer.  Experian further states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 6, and each and every subpart thereto and, on that basis, denies each and every such allegation.

7.      In response to paragraph 7 of the Complaint, Experian denies that each

Cross-Defendant was the principal, joint venture, agent, servant or employee of each other Cross-Defendant. Experian further denies that each act alleged in the Complaint was expressly authorized or ratified, as those terms are used in California Civil Procedure section 3294(b), by each and every other Defendant. Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 and, on that basis, denies each and every such allegation.

8. In response to paragraph 8 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in therein and, on that basis, denies each and every such allegation.

9. In response to paragraph 9 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in therein and, on that basis, denies each and every such allegation.

10. In response to paragraph 10 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in therein and, on that basis, denies each and every such allegation.

11. In response to paragraph 11 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in therein and, on that basis, denies each and every such allegation.

12. In response to paragraph 12 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in therein and, on that basis, denies each and every such allegation.

## FIRST CAUSE OF ACTION

**[VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST AMERICAN EXPRESS, TRANSUNION, EXPERIAN, EQUIFAX AND ROES 1-10, INCLUSIVE]**

13. In response to paragraph 13 of the Complaint, Experian hereby incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. In response to paragraph 14 of the Complaint, Experian states that the

allegations contained in paragraph 14 are legal conclusions and/or argument not subject to admission or denial.  To the extent that paragraph 14 contains any allegation that requires an admission or denial, Experian admits that it is a credit reporting agency as defined by the Fair Credit Reporting Act.  Experian further states that 15 U.S.C. section 1681 is in writing and speaks for itself.  Experian specifically refers to 15 U.S.C. section 1681 for all the content, terms and provisions thereof, and denies each allegation inconsistent therewith.  Experian does not have knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations contained in paragraph 14 and, on that basis denies each such allegation.  Except as so expressly admitted or denied, Experian denies each and every remaining allegation of paragraph 14.

15.   In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein, on that basis, denies each and every such allegation.

16.   In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein and, on that basis, denies each and every such allegation.

17.   In response to paragraph 17 of the Complaint, and each and every subpart thereto, Experian states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial.  To the extent that paragraph 17 contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein and, on that basis, denies each and every such allegation.  Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 17.

18.   In response to paragraph 18 of the Complaint, and each and every

subpart thereto, Experian states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 18 contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein and, on that basis, denies each and every such allegation. Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 18.

19. In response to paragraph 19 of the Complaint, Experian states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 19 contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein and, on that basis, denies each and every such allegation. Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 19.

20. In response to paragraph 20 of the Complaint, Experian states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 20 contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein and, on that basis, denies each and every such allegation. Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 20.

## SECOND CAUSE OF ACTION

### [VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT AGAINST AMERICAN EXPRESS AND ROES 1-10, INCLUSIVE]

21. In response to paragraph 21 of the Complaint, Experian hereby incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. In response to paragraph 22 of the Complaint, Experian states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 22 contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein concerning other Defendants and, on that basis, denies each and every such allegation. Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 22.

23. In response to paragraph 23 of the Complaint, Experian states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 23 contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein concerning other Defendants and, on that basis, denies each and every such allegation. Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 23.

24. In response to paragraph 24 of the Complaint, Experian states that the allegations contained in this paragraph are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 24 contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein concerning other Defendants and, on that basis, denies each and every such allegation. Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 24.

## THIRD CAUSE OF ACTION

## [INDEMNITY OR CONTRIBUTION AGAINST CROSS-DEFENDANTS]

25. In response to paragraph 25 of the Complaint, Experian hereby incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

26. In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein, on that basis, denies each and every such allegation.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein, on that basis, denies each and every such allegation.

28. In response to paragraph 28 of the Complaint, Experian states that the allegations contained in paragraph 28 are legal conclusions and/or argument not subject to admission or denial. To the extent a response is required, Experian denies that Cross-Complainant may amend his Cross-Complaint merely by express reservation. Further, to the extent that this paragraph contains any allegation that requires an admission or denial, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained therein concerning other Defendants and, on that basis, denies each and every such allegation. Except as so expressly admitted or denied, Experian denies each and every remaining allegation paragraph 28.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

///

///

///

**SECOND AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

All claims against Experian are barred by the qualified immunity of 15 United States Code section 1681h(e).

**THIRD AFFIRMATIVE DEFENSE**

**(TRUTH/ACCURACY OF INFORMATION)**

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

**FOURTH AFFIRMATIVE DEFENSE**

**(INDEMNIFICATION)**

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(LACHES)**

The Complaint and each claim for relief therein is barred by laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(CONTRIBUTORY/COMPARATIVE FAULT)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

///

///

///

**EIGHTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**NINTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 United States Code section 1681p.

**TENTH AFFIRMATIVE DEFENSE**

**(CONTRACT)**

Plaintiff is barred by contract from asserting any of his alleged claims against Experian.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Experian is informed and believes and thereon alleges that any damages plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of independent intervening causes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(RIGHT TO ASSERT ADDITIONAL DEFENSES)**

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as

follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit (and attorneys' fees) herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: August 16, 2010

Respectfully submitted,

By: /s/ Elizabeth B. Kim
Elizabeth B. Kim
JONES DAY

Attorneys for Cross-Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.